IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                                      PLAINTIFF

v.                                         Civil No. 6:21-CV-06136

DEXTER PAYNE, Director,                                                                          DEFENDANTS
Arkansas Division of Corrections, and
VICKY RAWLINS, Grievance Coordinator,
Ouachita River Correctional Unit,
Arkansas Division of Corrections

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff filed his Complaint on October 12, 2021.  (ECF No. 1).  On November 9, 2021, the Court entered an Order directing Plaintiff to file an Amended Complaint, and Plaintiff did so on November 24, 2021.  (ECF Nos. 7, 8).  Plaintiff alleges that his federal constitutional rights have been violated during his incarceration in the Arkansas Division of Corrections ("ADC"), Ouachita River Correctional Unit ("ORCU").  (ECF No. 8).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

For his first claim, Plaintiff alleges that Defendant Payne violated his First Amendment right to freedom of speech starting on February 6, 2019, and continues to do so until the present time. (ECF No. 8 at 4). Specifically, Plaintiff alleges:

> Incoming mail is limited by ADC 2021-01 III B for the purpose of limiting drugs coming into the facility. This prevents me from getting things such as the current Infrastructure Bill at 2,000 pages. While at media rates I'd spend maybe $50 in postage, the 3 page limit would inflate that to $500 or more. My family and friends are not in prison and should not be punished for writing a 4 page letter. This policy has been left standing by Mr. Dexter Payne. (*Id*.).

Plaintiff proceeds against Defendant Payne in his official capacity. (ECF No. 8 at 5). Plaintiff alleges that the ADC policy ADC-2021-01 restricts incoming mail, and therefore, his freedom of speech. (*Id*.).

For his second claim, Plaintiff alleges that on "9-20/2021" Defendant Rawlins violated his "Freedom of Speech, Access to Grievance System." (ECF No. 8 at 6). Plaintiff alleges:

> Grievance was repeatedly obstructed with claim that it was a state or federal law issue, when it is an Administrative Directive. V. Rawlins prevented grievance from continuing through grievance process. This prevented the possibility of a simple resolution without recourse to court action. (*Id*.).

Plaintiff proceeds against Defendant Rawlins in her individual capacity. (*Id*. at 7).

Plaintiff indicates that he seeks compensatory, punitive, and other damages. (ECF No. 8 at 9). Plaintiff elaborates on his damages request as follows:

> Ouachita has dogs that sniff inmate housing for drugs. These same dogs could easily detect same said drugs on incoming mail. This doesn't even take into account security screening machines on the property as well. Switching to existing dogs & machines would also save wasted paper & toner used in photocopying our mail.
>
> Compensatory damages – court fees plus reasonable lost postage for each currently incarcerated inmate,[2] say 100 stamped envelopes. Someone has to stand up against systemic abuse of the incarcerated above and beyond having to do time.

---

[2] Plaintiff may not bring claims on behalf of other inmates. As interpreted by relevant case law, the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis*. *See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

Punitive damages – written apology, form letter, to all inmate contacts. (*Id*. at 7).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

#### A.   Incoming Mail

Apart from Plaintiff's claim for prospective injunctive relief, his official capacity claims against Defendant Payne are subject to dismissal.  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work."  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir.1998).  Thus, Plaintiff's official capacity claim against Defendant Payne is a claim against the ADC.  *Id.*  The ADC is an Arkansas state agency.  *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002).  States and state agencies are not "persons" subject to suit under § 1983.  *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  "This bar exists whether the relief sought is legal or equitable."  *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)).  "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983."  *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

The Defendants in this case are all employees of the Arkansas Division of Corrections.  As such, the official capacity claims against them for monetary damages or retroactive injunctive relief are barred by sovereign immunity.

To the extent Plaintiff's request for the use of drug dogs or other screening machinery in the future could be interpreted as a request for prospective injunctive relief, Plaintiff has stated a plausible claim sufficient to survive screening.  Under the exception set forth in *Ex Parte Young*, 209 U.S. 123 (1908), "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment."  *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007).

### B. Grievance Process

Plaintiff's individual capacity claim against Defendant Rawlins, that she incorrectly kept his grievances from moving through the ADC grievance process, is subject to dismissal. The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no claim when defendants failed to timely and properly respond to a grievance). Thus, a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983. *Id*. As there is no constitutional right to either a grievance procedure or a grievance response, Plaintiff has failed to state a plausible claim based on his allegation that Defendant Rawlins improperly kept his grievances from moving through the ADC grievance process. Plaintiff's claim against Defendant Rawlins for her actions or inactions concerning his grievances is subject to dismissal.

### IV. CONCLUSION

Accordingly, the undersigned makes the following recommendations:

1. That Plaintiff's official capacity claims against Defendant Payne for monetary damages or retroactive injunctive relief should be **DISMISSED WITH PREJUDICE**.

2. That Plaintiff's individual capacity claim against Defendant Rawlins should be **DISMISSED WITHOUT PREJUDICE**.

3. That Plaintiff's official capacity claim against Defendant Payne for prospective injunctive relief concerning the three (3) page limitation on incoming mail should remain for further review.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE