IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                                           PLAINTIFF

v.                                      Civil No. 6:21-CV-06136-RTD-MEF

DEXTER PAYNE, Director,                                                                              DEFENDANT
Arkansas Division of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant Payne's Motion for Summary Judgment on the issue of Administrative Exhaustion.  (ECF No. 21).

**I.      BACKGROUND**

Plaintiff filed his Complaint on October 12, 2021.  (ECF No. 1).  On November 9, 2021, the Court entered an Order directing Plaintiff to file an Amended Complaint, and Plaintiff did so on November 24, 2021.  (ECF Nos. 7, 8).  Plaintiff's Complaint centered on an Arkansas Division of Correction ("ADC") policy, AD 2021-01, which limits incoming mail for inmates to three pages, beginning on February 6, 2019.  (ECF No. 8, pp. 4-5).  On February 8, 2022, the undersigned entered a Report and Recommendation which recommended dismissal of all claims, except Plaintiff's official capacity claim against Defendant Payne for prospective injunctive

1

relief concerning the three (3) page limitation on incoming mail. (ECF No. 9). The Report and Recommendation was adopted *in toto* by an Order entered on March 3, 2022. (ECF No. 10).

For his remaining claim, Plaintiff alleges that Defendant Payne violated his First Amendment right to freedom of speech from February 6, 2019, to the present. (ECF No. 8 at 4). Specifically, Plaintiff alleges:

> Incoming mail is limited by ADC 2021-01 III B for the purpose of limiting drugs coming into the facility. This prevents me from getting things such as the current Infrastructure Bill at 2,000 pages. While at media rates I'd spend maybe $50 in postage, the 3 page limit would inflate that to $500 or more. My family and friends are not in prison and should not be punished for writing a 4 page letter. This policy has been left standing by Mr. Dexter Payne. (*Id.*).

Plaintiff proceeds against Defendant Payne in his official capacity. (ECF No. 8 at 5). In his damages request, Plaintiff suggested that drug dogs or screening machinery could be used in place of the three-page limit. (ECF No. 8 at 9). This request was interpreted as a request for official capacity prospective injunctive relief, and it is the sole claim remaining for review.

Defendant Payne filed his Motion for Summary Judgment on July 26, 2022, along with a Brief in Support and a Statement of Undisputed Material Facts. (ECF Nos. 21-23). Defendant Payne argues Plaintiff failed to exhaust any ADC grievances concerning this claim prior to filing this lawsuit. (ECF Nos. 21, 21-1).

On July 29, 2022, the Court entered an Order directing Plaintiff to file his summary judgment Response by August 19, 2022. (ECF No. 27). In the Order, Plaintiff was directed to provide a separate statement of disputed facts. (*Id.*).

On August 4, 2022, Plaintiff filed a two-page, two-paragraph response, and he failed to submit a separate statement of disputed facts. (ECF No. 28). Plaintiff does not dispute that he failed to exhaust any ADC grievances regarding his claim. Instead, Plaintiff alleges that:

> Vicky Rawlins obstructed his ability to further prosecute my grievance through the State's system. This includes the original copy and blue grievance officer copy. Then the questionable failure of the mailed to Central Office Pink copy to elicit a response. I kept the yellow copy answered & signed by then Deputy Warden of Operation Maurice Culclager. Exhibit B. Knowing it was my last scrap of evidence I had even tried to raise this issue. I exhausted all means available to me in a hostile environment. So hostile, that while signing the grievance, Mr. Culclager said mail was a priviledge [sic] and that I should keep a lower profile.

(*Id*. at 1). Plaintiff attached a yellow copy of a grievance to his response. It is dated September 16, 2021, for Step One (Informal Resolution), and September 18, 2021, for Step Two (Formal Grievance). (*Id*. at 3). The text of Plaintiff's grievance states:

> Per AD 2021-01 Inmate Correspondence I, Use of Illegal Drugs has led to the need to limit incoming paper correspondence. Is patently failing to address the issue. Dogs and machines detect drugs in mail. Most prisons use both/either. Tampering/Destroying federal mail is a crime. During COVID quarantine drugs still arrived. Removing all options, that leaves staff dealing with the real problem & stop limiting our mail illegally. IIB directly contravenes US Postal (one allowing Paid Postage to be delivered. (*Id*.).

The grievance response, which appears to be from Deputy Warden Cuclager, states: "Policy is being follow[ed] as to the way mail is being issu[ed]. (*Id*.). Notably, Plaintiff failed to name Defendant Payne in this grievance, and there is no ADC grievance appeal attached.

Defendant Payne filed a reply on August 10, 2022. (ECF No. 29). He states that Plaintiff does not dispute that he failed to exhaust any grievances concerning his claim, and he contends that none of Plaintiff's arguments indicate that the ADC grievance process was unavailable to him. (*Id*.). Defendant Payne attached copies of related grievances and Plaintiff's grievance record as evidence that Plaintiff was not being prevented from accessing the grievance process or exhausting grievances during the relevant period. (ECF Nos. 29-1, 29-2).

On August 17, 2022, Plaintiff filed a document he labelled as a Statement of Disputed Facts. (ECF No. 30). Because he had already filed his response, this document was docketed as

a sur-reply. (ECF No. 30). In this document, Plaintiff states that he attached a Request Form showing "Rawlins arguing about refusing to process grievance & actual grievance." (*Id*. at 1). Plaintiff attached an Inmate Request Form dated September 21, 2021. (*Id*. at 2). It is directed to the Grievance office, and Plaintiff wrote: "Everything I am filing is ADC policy that happens to violate constitutional law. Just give it a #." Vicky Rawlins responded on September 23, 2021, stating: "Read your policy Inmate Harris. ADC Policy will state all compliances." (*Id*.). Plaintiff also attaches a copy of the same grievance he attached to his response. (*Id*. at 3).

Because the Court permitted Plaintiff to file a sur-reply[1], the Court entered an Order on August 17, 2022, granting Defendants permission to file a second reply by September 1, 2022. (ECF No. 31). Defendant Payne declined to do so.

## II.     LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or

---

[1] The Court's Local Rule 7.2 regarding motions does not provide for the filing of a sur-reply.

suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to

5

exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Plaintiff does not dispute that he failed to exhaust any ADC grievances concerning his request for prospective injunctive relief concerning the 3-page incoming mail limit. Nor do any of his arguments support a claim that he is eligible for an exception to the PLRA exhaustion requirement.

Plaintiff argues that Vicky Rawlings incorrectly told him his complaint about the mail limit was not grievable and refused to process his grievance. The ADC grievance policy in effect at the time, AD 19-34, permits an inmate to continue though the grievance process to exhaustion in the event he receives an incorrect or unsatisfactory staff response, or simply fails to receive a timely staff response. (ECF No. 29 at 3-4; 21-2 at 11-14). Thus, assuming Vicky Rawlins either incorrectly labelled Plaintiff's grievance as "non-grievable" or failed to respond to Plaintiff in a timely manner, Plaintiff needed only to submit a timely appeal. There is no evidence in the summary judgment record that Plaintiff took any steps to continue through the ADC grievance procedure to exhaustion. Instead, Plaintiff provided a copy of an Inmate Request Form in which he states he is arguing with Vicky Rawlins about ADC policy. Nothing in ADC 19-34 permits the use of an Inmate Request Form to exhaust a grievance. Even if Plaintiff had pursued the ADC grievance appeal process, it would not have been sufficient to comply with ADC requirements for this case, because he failed to name Defendant Payne as required by AD 19-34. (ECF No. 29 at 5; 21-2 at 5). Thus, Plaintiff failed to comply with ADC grievance procedure to exhaust his grievance. *See Jones*, 549 U.S. at 218 ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

Plaintiff also argues that he was in a "hostile environment" and "exhausted all means available." Defendants argue Plaintiff was not denied access to the ADC grievance process overall, noting that he successfully utilized it "before, after, and throughout the time period that [he] allegedly submitted the grievance at question in this case." (ECF No. 29 at 4). The summary judgment record supports Defendants' argument, and the grievances provided in that record include Plaintiff's complaints about other ADC mail practices. (ECF Nos. 29-1, 29-2). Plaintiff does not dispute his ADC grievance record. Thus, Plaintiff's argument that he was in a hostile environment which prevented him from exhausting grievances is contradicted by the summary judgment record before the Court.

For these reasons, there is no material fact in dispute concerning PLRA exhaustion for Plaintiff's claim, and Defendant Payne is entitled to summary judgment as a matter of law.

## IV.   CONCLUSION

Accordingly, it is recommended that Defendant Payne's Motion for Summary Judgment on the issue of Administrative Exhaustion (ECF No. 21) be GRANTED, and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE